IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHEIK MUJAHID BAHIR JAMAL** : | |
| **ABDULLAH EL MALIK EL MULK** : | |
| **BERBER IBN ALI,** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-5580 |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** *et al.* : | |
|     Defendants. : | |

## MEMORANDUM

**BAYLSON, J.**                                                                                          **JANUARY 11, 2022**

Sheik Mujahid Bahir Jamal Abdullah El Malik El Mulk Berber Ibn Ali filed this civil action pursuant to 42 U.S.C. § 1983 asserting constitutional claims.[1]  Named as Defendants are the Commonwealth of Pennsylvania, Governor Tom Wolf, Chester Township Police Department, Chester City Police Department, Upland Police Department, Philadelphia Police Department, George W. Hill Prison, Delaware County Assistance Office, PennDot, Honorable Georgia L. Stone, Officer Michael Stroffe, and Michael Z. Bleszewski.  Ali seeks to proceed *in forma pauperis* in this case.  For the following reasons, the Court will grant Ali leave to proceed

---

[1] Ali cites numerous federal criminal statutes as the basis for the Court's jurisdiction (ECF No. 2 at 4) but fails to allege how any named Defendant acted to violate a federal statute. In any event, criminal statutes generally do not give rise to a basis for civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (*per curiam*) ("Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action 'arising under' the Constitution.").

*in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.   **FACTUAL ALLEGATIONS**

Ali's allegations are brief. He asserts in conclusory terms that Defendant Michael Stroffe stalked him, used intimidation, illegally searched and seized his property and person, sprayed him with chemicals, kidnapped and held him hostage, and tortured him on June 5, 2021. (ECF No. 2 at 3.)[2] Ali asserts constitutional claims of illegal search and seizure, and cruel and unusual punishment, as well as state law claims for assault and extortion. He seeks $100 million in damages.

II.  **STANDARD OF REVIEW**

The Court grants Ali leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Ali is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Ali asserts both constitutional claims and state law claims.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Ali names as Defendants the Commonwealth of Pennsylvania, Governor Tom Wolf, Chester Township Police Department, Chester City Police Department, Upland Police Department, Philadelphia Police Department, George W. Hill Prison, Delaware County Assistance Office, PennDot, Honorable Georgia L. Stone, Officer Michael Stroffe, and Michael Z. Bleszewski.  However, he makes no substantive allegations against any Defendant other than Stroffe, who is presumably a police officer involved in the incident Ali attempts to describe.

Because Ali fails to allege how any Defendant other than Stroffe acted to violate his constitutional rights, he has failed to allege plausible claims against them.  Beyond this, no claim for money damages against the Commonwealth of Pennsylvania and PennDot may proceed because the Commonwealth and its agencies are entitled to Eleventh Amendment immunity for claims seeking money damages in federal court.  *See Pennhurst State Sch.& Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (holding that the Eleventh Amendment bars suits

against a state and its agencies in federal court that seek monetary damages). Ali has also named Governor Tom Wolf. Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Additionally, the United States Court of Appeals for the Third Circuit has held that, where a claim is filed against state officials who were not directly involved in the activities that caused the alleged constitutional violation, but are instead named as defendants because of their positions in state government, they are deemed to be sued in their official capacities and thus entitled to Eleventh Amendment immunity. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020). Accordingly, the Commonwealth, PennDot, and Governor Wolf will be dismissed with prejudice.

While cities and counties may, in certain circumstances, be held liable under § 1983, *see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation), the various police departments Ali has named must be dismissed with prejudice for the additional reason that police departments are not "persons" as that term is used in § 1983. *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993) (holding that, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not); *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality). Moreover, claims against a county agency like the Delaware County Assistance Office are treated as claims against the county itself. *Kane v. Chester Cty. Dep't of Child., Youth & Fams.*,

10 F. Supp. 3d 671, 686 (E.D. Pa. 2014) (concluding that the Chester County Department of Children, Youth and Families is not a legal entity separate from the County of Chester and evaluating claims as if brought against the County itself). "Pennsylvania county offices . . . are treated as municipalities for purposes of *Monell*." *Hatfield v. Berube*, 714 F. App'x. 99, 102 n.1 (3d Cir. 2017) (*per curiam*) (citing *Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013)). Because Ali has failed to state how any policy or custom of Delaware County caused a violation of his civil rights, the Delaware County Assistance Office must also be dismissed, however, the dismissal will be without prejudice and the Court will permit Ali the opportunity to file an amended complaint if he is capable of stating a plausible *Monell* claim against Delaware County.

George W. Hill Prison is also not a "person" subject to suit under § 1983 and is, accordingly, dismissed with prejudice. *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010). Finally, it appears that Ali has named Judge Georgia L. Stone because she may have been involved as a judge in a criminal proceeding arising from the alleged incident. In that capacity, she is entitled to absolute immunity for any action she may have taken and the claim against her will also be dismissed with prejudice. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (holding that judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction).

The only named Defendants that are persons subject to suit under § 1983 for money damages are Stroffe and Defendant Michael Z. Bleszewski. Because Ali does not describe how Michael Z. Bleszewski was involved in the incident, the claims against him must be dismissed as implausible. Moreover, Ali fails to allege plausibly how even Stroffe violated his rights since he

alleges only legal conclusions that his rights were violated and conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. However, because the Court cannot state at this time that Ali can never assert plausible constitutional claims against Stroffe and Bleszewski, the claims against them will be dismissed without prejudice and Ali will be granted an opportunity to file an amended complaint to describe the "who, what, where, when and how" of the circumstances that cause him to seek money damages. *See Overby v. Steele*, Civ. A. No. 21-5030, 2021 WL 6137026, at *5 (E.D. Pa. Dec. 29, 2021); *Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).

Because the Court has dismissed Ali's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over his state law claims for assault and extortion. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker*

*State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Ali does not allege the citizenship of the parties.  Rather, he provides only Pennsylvania addresses for himself and the Defendants, which suggests that he and some, if not all, of the Defendants are Pennsylvania citizens.  Accordingly, Ali has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.  Those claims, accordingly, will be dismissed without prejudice for lack of jurisdiction.

An appropriate Order follows with instructions for filing an amended complaint.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, J.**